## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

———————————————————————
EDGAR SPENCER PHILLIPS,       :
                                   :
          Petitioner,        :     Civ. No. 14-4468 (RBK)
                                   :
   v.                       :     **OPINION**
                                   :
J.L. NORWARD,                 :
                                   :
          Respondent.     :
——————————————————————— :

**<u>ROBERT B. KUGLER, U.S.D.J.</u>**

## I.      INTRODUCTION

Petitioner is a federal prisoner currently incarcerated at F.C.I. Fort Dix, in Fort Dix, New Jersey. He pled guilty to one count of interstate domestic violence and one count of conspiracy to distribute crack cocaine. In 1996, he was sentenced to 120 months imprisonment on the interstate domestic violence charge to run concurrent with a 235-month sentence on the conspiracy to distribute crack cocaine charge. Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the habeas petition will be dismissed for lack of jurisdiction.

## II.      BACKGROUND

Petitioner pled guilty to interstate domestic violence and conspiracy to distribute crack cocaine in the United States District Court for the Northern District of West Virginia. Petitioner did not appeal his conviction. He subsequently filed a § 2255 motion that was denied by the Northern District of West Virginia on February 28, 2000 on procedural grounds. Petitioner then filed other § 2255 motions that were denied by the Northern District of West Virginia on July 15, 2002 and July 17, 2002, respectively. (*See* N.D. W. Va. Civ. Nos. 01-0016 & 17, Dkt. Nos. 2 &

3.)  The Court found that petitioner's § 2255 motion was time-barred, that *Apprendi  v. New Jersey*, 530 U.S. 466 (2000) did not apply, but that even if it did *Apprendi* would provide no relief to petitioner and that counsel was not ineffective.  (*See* N.D. W. Va. Civ. Nos. 01-0016 & 17, Dkt. No. 2.)  The United States Court of Appeals for the Fourth Circuit denied a certificate of appealability on both § 2255 motions.

In 2005, petitioner filed another § 2255 motion in the Northern District of West Virginia. In that motion he argued that his sentence violated his Sixth Amendment rights and was illegal because it was based on mandatory guidelines that had since been found to be unconstitutional. *See Phillips v. United States*, Civ. No. 05-0086, 2007 WL 1140169, at *1 (N.D. W. Va. Apr. 13, 2007).  That court dismissed the motion with prejudice after determining that it was a second or successive § 2255 motion that lack authorization from the Fourth Circuit to be filed.  *See id.* at *2.

In 2014, petitioner opened this action in the Northern District of West Virginia.  That Court notified petitioner that his pleading was deficient, but gave petitioner time to correct the deficiencies.  (*See* Dkt. No. 3.)  Petitioner then submitted his § 2241[1] habeas petition to the Northern District of West Virginia on the proper form on May 8, 2014.  (*See* Dkt. No. 5.)

---

[1] Section 2241 states in relevant part:

(a)     Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions . . .

(c)     The writ of habeas corpus shall not extend to a prisoner unless –
(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
(3) He is in custody in violation of the Constitution or laws or treaties of the United States; or

Petitioner argues in the petition that a due process error has occurred with respect to his sentence.  More specifically, petitioner asserts that he is entitled to a lesser sentence as one of the previous convictions used to increase his criminal history category points was actually dismissed.  Thus, petitioner is challenging the sentence imposed by the Northern District of West Virginia on his criminal convictions.

### III.    STANDARD FOR *SUA SPONTE* DISMISSAL

With respect to screening the instant petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se*, his petition is held to less stringent standards than those pleadings drafted by lawyers.  *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) ("we construe pro se pleadings liberally.") (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]"  *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

---

> (4) He being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
> (5) It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241(a) & (c).

# IV.   DISCUSSION

Petitioner is in effect challenging the sentence he received in the Northern District of West Virginia in this § 2241 federal habeas action.  He claims that a previous conviction for simple assault increased his criminal history points and, therefore, increased his Sentencing Guidelines range.  He asserts the simple assault charge was dismissed and should not have been used to determine his criminal history points.

Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255.  *See Jackman v. Shartle*, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)).  This is generally true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective."  *See* 28 U.S.C. § 2255(e).  Indeed, § 2255(e) states that:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).  A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."  *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted).  However, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255."  *Cradle*, 290

F.3d at 539 (citations omitted).  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."  *Id.* at 538 (citation omitted).  "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements."  *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1997)).

In *Dorsainvil*, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate[.]"  119 F.3d at 251.  Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255.  *See id.*  The "safety valve," as stated in *Dorsainvil,* is a narrow one and has been held to apply in situations where the prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law. *See Okereke*, 307 F.3d at 120 (citing *Dorsainvil*, 119 F.3d at 251).

The habeas petition does not allege facts which bring petitioner within the *Dorsainvil* exception.  Petitioner does not allege in the instant habeas petition that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate.  Indeed, he makes no argument in his petition that he is factually innocent of interstate domestic violence and conspiracy to distribute crack cocaine.  Instead, petitioner's claim is that the Sentencing Guidelines range that the Northern District of West Virginia used was incorrect as a previous conviction used to increase his criminal history points was improperly relied upon.  Such an argument is insufficient to fall within the *Dorsainvil* exception

as it relates to an argument that petitioner is factually innocent of a sentencing enhancement as opposed to being factually innocent of the crime for which he was convicted.  *Accord United States v. Brown*, 456 F. App'x 79, 81 (3d Cir. 2012) (per curiam) ("We have held that § 2255's 'safety valve' applies only in rare circumstances, such as when an intervening change in the statute under which the petitioner was convicted renders the petitioner's conduct non-criminal. Brown has not satisfied that standard here, as he makes no allegation that he is actually innocent of the crime for which he was convicted, but instead asserts only that he is 'innocent' of being a career offender.") (internal citation omitted), *cert. denied*, 133 S. Ct. 201 (2012); *Selby v. Scism*, 453 F. App'x 266, 268 (3d Cir. 2011) (per curiam) ("Selby does not argue that he is innocent of the offense for which he was convicted; he argues that he is "innocent" of a sentencing enhancement because of an intervening change in law.  Accordingly, the exception described in *In re Dorsainvil* does not apply."); *Robinson v. Hollingsworth*, No. 13-0101, 2013 WL 141441, at *2 (D.N.J. Jan. 11, 2013) ("Section 2255 is not inadequate or ineffective for Robinson's challenge to his sentencing enhancement as a career offender, however, because he does not contend that, as a result of a Supreme Court decision issued subsequent to his § 2255 motion, the conduct for which he was convicted - possession with intent to distribute cocaine, is not non-criminal."); *Crawford v. United States*, No. 12-1545, 2012 WL 5199167, at *5 (D.N.J. Oct. 19, 2012) ("The safety valve under § 2255 does not apply when an inmate challenges the enhancement of his sentence as Petitioner does here.").

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed."  28 U.S.C. § 1631.  In this case, the Court does not find it in the interests of justice to transfer this habeas petition to the Fourth Circuit as a

request to file a second or successive § 2255 motion.  The petition does not allege newly

discovered evidence that would establish by clear and convincing evidence that no reasonable

factfinder would have found him guilty of the offense for which he was convicted of in federal

court nor does not it allege a new rule of constitutional law, made retroactive to cases on

collateral review by the Supreme Court, which was previously unavailable.  *See* 28 U.S.C. §

2255(h).  Of course, this decision to not transfer this case to the Fourth Circuit does not prevent

petitioner from seeking leave from the Fourth Circuit directly to file a second or successive §

2255 motion should he elect to do so.

## V.    CONCLUSION

For the foregoing reasons, the habeas petition will be dismissed due to a lack of

jurisdiction.  An appropriate order will be entered.


DATED:  August 1, 2014

                                        s/Robert B. Kugler
                                        ROBERT B. KUGLER
                                        United States District Judge

7