UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
EDGAR SPENCER PHILLIPS,                       :
                                              :
          Petitioner,                         :     Civ. No. 14-4468 (RBK)
                                              :
     v.                                       :     **OPINION**
                                              :
J.L. NORWARD,                                 :
                                              :
          Respondent.                         :
_____   :

**ROBERT B. KUGLER, U.S.D.J.**

## I.   INTRODUCTION

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This case was transferred to this Court by the United States District Court for the Northern District of West Virginia.  Upon screening the petition, this Court determined that it lacked jurisdiction as petitioner failed to show that § 2255 was inadequate or ineffective to challenge his federal conviction and sentence.  (*See* Dkt. No 15.)  Accordingly, on August 4, 2014, the petition was summarily dismissed due to a lack of jurisdiction and the case was closed.

On August 22, 2014, the Court received petitioner's amended petition.  The Court will construe this amended petition as a motion for reconsideration of the Court's dismissal of his original petition for lack of jurisdiction.  For the following reasons, the motion for reconsideration will be denied.

## II.   BACKGROUND

Petitioner's original § 2241 habeas petition challenged the federal sentence he received in the Northern District of West Virginia.  More specifically, petitioner claimed that a previous

1

conviction for simple assault increased his Sentencing Guidelines range despite the fact that the simple assault charge had been dismissed and should not have been used to determine his criminal history points. Upon concluding that this Court lacked jurisdiction, it was noted that petitioner had previously unsuccessfully sought § 2255 relief in the Northern District of West Virginia. The Court further noted that petitioner failed to show that § 2255 was inadequate or ineffective to pursue his claims as he failed to show that he had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law. (*See* Dkt. No. 15 at p. 5 (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997))).)

In his amended habeas petition filed after this Court disposed of his original habeas petition, petitioner once again argues that his sentence was illegally enhanced because it was based on a simple assault conviction for which petitioner was actually innocent. In addition to raising this issue under § 2241, petitioner also attempts to establish jurisdiction by raising his amended petition as a petition for writ of error *coram nobis*.

### III.   DISCUSSION

Petitioner's amended habeas petition will be construed as a motion for reconsideration. Indeed, petitioner filed his amended habeas petition after the Court issued a final judgment in this case. At this stage, therefore, it is Rules 59 and 60 that govern the opening of final judgments, not Rule 15 which permits amendment of a pleading. *See Ahmed v. Dragovich*, 297 F.3d 201, 207-08 (3d Cir. 2002).

A. <u>Legal Standard for Motion for Reconsideration</u>

Motions filed pursuant to Federal Rule of Civil Procedure 59(e) are governed by Local Civil Rule 7.1(i) which allows a party to seek reconsideration by the Court of matters which the

party believes the judge has "overlooked." *See Carney v. Pennsauken Twp. Police Dep't*, No. 11-7366, 2013 WL 4501454, at *1 (D.N.J. Aug. 21, 2013) (citations omitted). "The standard for reargument is high and reconsideration is to be granted only sparingly." *Yarrell v. Bartkowski*, No. 10-5337, 2012 WL 1600316, at *3 (D.N.J. May 7, 2012) (citing *United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994)). To be successful on a motion for reconsideration, a petitioner has the burden to demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted); *see also Berry v. Jacobs IMC, LLC*, 99 F. App'x 405, 410 (3d Cir. 2004).

   B. <u>Analysis</u>

Petitioner's motion for reconsideration will be denied. As the Court noted in its prior Opinion, a challenge to the validity of a federal conviction or sentence generally must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing *Okereke*, 307 F.3d at 120). As the Court noted, petitioner could bring his challenge to his federal sentence under § 2241 as opposed to § 2255 if he has no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law. *See Okereke*, 307 F.3d at 120 (citing *Dorsainvil*, 119 F.3d at 251). Petitioner's argument that a prior conviction was used to increase his criminal history points did not fall within this exception. *Accord United States v. Brown*, 456 F. App'x 79, 81 (3d Cir. 2012) (per curiam) ("We have held that § 2255's 'safety valve' applies only in rare circumstances, such as when an intervening change in the statute under which the petitioner was convicted renders the petitioner's conduct non-criminal. Brown has not satisfied that standard

here, as he makes no allegation that he is actually innocent of the crime for which he was convicted, but instead asserts only that he is 'innocent' of being a career offender.") (internal citation omitted), *cert. denied*, 133 S. Ct. 201 (2012); *Selby v. Scism*, 453 F. App'x 266, 268 (3d Cir. 2011) (per curiam) ("Selby does not argue that he is innocent of the offense for which he was convicted; he argues that he is "innocent" of a sentencing enhancement because of an intervening change in law. Accordingly, the exception described in *In re Dorsainvil* does not apply."); *Robinson v. Hollingsworth*, No. 13-0101, 2013 WL 141441, at *2 (D.N.J. Jan. 11, 2013) ("Section 2255 is not inadequate or ineffective for Robinson's challenge to his sentencing enhancement as a career offender, however, because he does not contend that, as a result of a Supreme Court decision issued subsequent to his § 2255 motion, the conduct for which he was convicted - possession with intent to distribute cocaine, is not non-criminal."); *Crawford v. United States*, No. 12-1545, 2012 WL 5199167, at *5 (D.N.J. Oct. 19, 2012) ("The safety valve under § 2255 does not apply when an inmate challenges the enhancement of his sentence as Petitioner does here."). Therefore, petitioner's amended habeas petition, construed as a motion for reconsideration, does not show: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *See Max's Seafood Café*, 176 F.3d at 677.

      To the extent that petitioner invokes the petition for writ of error *coram nobis* for the first time in his amended petition, that does not change the result. First, "a motion for reconsideration cannot be used to present a new claim." *See Hatten v. Bledsoe*, No. 12-0772, 2012 WL 4718631, at *2 (M.D. Pa. Oct. 3, 2012). Secondly, the fact that petitioner is attempting to raise his petition as a writ of error *coram nobis* as opposed to one under § 2241 would not change the result. A

4

petition for writ of error "coram nobis has traditionally been used to attack convictions with continuing consequences when the petitioner is no longer in custody for purposes of 28 U.S.C. § 2255." *See United States v. Baptiste*, 223 F.3d 188, 189 (3d Cir. 2000) (per curiam) (internal quotation marks and citations omitted). *Coram nobis* "may not be used to circumvent procedural barriers to filing a second or successive § 2255 motion." *Winkelman v. United States*, 494 F. App'x 217, 220 n.4 (3d Cir. 2012) (citing *Baptiste*, 223 F.3d at 189-90). In this case, petitioner is still in custody and is invoking *coram nobis* as an attempt to circumvent the procedural barriers to filing a second or successive § 2255 motion. Accordingly, its invocation in this case is improper and does not entitle petitioner to relief under these circumstances.

### IV.     CONCLUSION

For the foregoing reasons, petitioner's amended habeas petition is construed as a motion for reconsideration and will be denied. An appropriate order will be entered.

DATED:    September 2, 2014

                                                                                        s/Robert B. Kugler
                                                                                        ROBERT B. KUGLER
                                                                                       United States District Judge